**Phillip MIRENDA, Petitioner,**

**v.**

**Alfred ULIBARRI, Camp Administrator, Respondent.**

**Civ. No. 72-2763-AAH.**

United States District Court,
C. D. California.

Dec. 12, 1972.

Phillip Mirenda, in pro. per.

No appearance for respondent.

ORDER DENYING MOTION TO VA-CATE AND SET ASIDE SEN-TENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

The Petitioner, Phillip Mirenda, incarcerated in the Federal Prison Camp, Stafford, Arizona, was sentenced by this Court on October 19, 1970, on his plea of guilty to one count of concealing narcotics (21 U.S.C. § 174). At the time of sentence, 5 additional counts in the indictment were dismissed.

The sentence imposed was for 5 years (the mandatory minimum), to be served concurrently with a 5-year sentence imposed in the United States District Court, District of Arizona, on August 31, 1970, for smuggling marihuana.

Mr. Mirenda now brings this Motion asking the Court to vacate the sentence and "ameliorate" it in order to make him eligible for parole under 18 U.S.C. § 4202. He also invokes Rule 35, Federal Rules of Criminal Procedure.

Petitioner bases his request on recent cases from the Ninth Circuit (and other Circuits) which have extended the more liberal sentencing provisions of the new Act to those who had been prosecuted under the old Act, but sentenced after May 1, 1971. See United States v. Stephens, 449 F.2d 103 (9th Cir. 1971); United States v. Pregerson, 448 F.2d 404 (9th Cir. 1971). He also states that the United States Bureau of Prisons has

adopted a policy of accepting at face value any judgment of the Seventh and Ninth Circuits which provide for parole eligibility, pending a determination by the United States Supreme Court on the applicability of the sentencing provisions of the new Act (Pet. page 3).

The cited cases hold that in prosecutions under the old Act, if sentence had not been imposed prior to May 1, 1971, the effective date of the new Act, probation or suspension of sentence would henceforth be available. This petitioner was sentenced 6 months before the effective date, and this Court has no authority to change the date established by Congress. There is no such case in either the 9th or the 7th Circuit.

Rule 35 F.R.Cr.P. applies to correction of an illegal sentence and no claim is made that the sentence is or was illegal. Moreover, the Rule imposes a time limit of 120 days. A § 2255 motion serves to test the sentence imposed, Ridenour v. United States, 446 F.2d 57 (9th Cir. 1971), and where the sentence is within authorized limits, it is not subject to a motion to vacate. Lott v. United States, 445 F.2d 858 (9th Cir. 1971).

Petitioner claims that failure to apply the same treatment to those convicted before the Act as to those convicted thereafter creates a class subject to invidious discrimination in violation of the due process and equal protection clauses. This is of necessity the result of any new law which is to go into effect at and on a certain date. The seeming inequity in fixing a cut-off date is outbalanced by the factors of reliance and burden on the administration of justice which argue for prospective application only. Stovall v. Denno, 388 U.S. 293, 300–301, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

More importantly, the petitioner does not attack the validity of his guilty plea which was the result of most advantageous plea bargaining. "A voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty . . . is not subject to later attack because . . . later pronouncements of the courts . . . hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered." Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970). A fortiorari, he cannot now avail himself of a later more liberal minimum sentence imposed by the Congress rather than the Courts.

The Policy Statement of the Parole Board means merely that the Board will honor sentences validly imposed after May 1, 1971, granting the possibility of parole for crimes committed before that date. It does not apply to Petitioner.

The Petition, files and records conclusively show that Petitioner is entitled to no relief, and no hearing is necessary. 28 U.S.C. § 2255.

It is, therefore, hereby ordered that the Motion pursuant to 28 U.S.C. § 2255 be, and the same is, hereby denied.