[Crim. No. 8646. Third Dist. May 27, 1976.]

In re PETE L. MORENO on Habeas Corpus.

## Counsel

Borden D. Webb, under appointment by the District Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Patrick A. McAravy, Deputy Attorneys General, for Respondent.

## Opinion

PARAS, J.—On September 18, 1974, petitioner was sentenced to state prison upon his bargained plea of guilty to a violation of section 11352 of the Health and Safety Code (sale of a controlled substance). Two alleged prior convictions were stricken. Petitioner took no appeal.

At the time of sentence section 11352 required that a person convicted thereunder without prior convictions be imprisoned for at least three years before eligibility for parole. Accordingly, with appropriate credit for presentence and post-sentence jail custody (Pen. Code, § 2900.5), petitioner's minimum eligible parole date is June 17, 1977.

Effective January 1, 1976, an amendment to section 11352 deleted its requirement of at least three years' imprisonment without possibility of parole. (Stats. 1975, ch. 1087, § 3.) Petitioner contends that he is entitled to the benefit of the amendment, notwithstanding that it is silent on the question of retroactivity. If petitioner is correct, he would now be eligible

for parole, having served one-third of the five-year minimum term prescribed by section 11352. (See Pen. Code, §§ 3049, 2900.5; *In re Kapperman* (1974) 11 Cal.3d 542, 547 [114 Cal.Rptr. 97, 522 P.2d 657].)[1]

. Petitioner relies upon *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], which holds that when a statute mitigating punishment becomes effective after the commission of the prohibited act but "before final judgment," the lesser punishment provided by the new law should be imposed in the absence of an express statement to the contrary by the Legislature. (See also *People v. Francis* (1969) 71 Cal.2d 66, 75-76 [75 Cal.Rptr. 199, 450 P.2d 591].)[2]

■ However, as indicated by its clearly expressed limitation, the *Estrada* holding does not apply to cases where, as here, the judgment became final prior to enactment of the ameliorative law. (*Bennett v. Procunier* (1968) 262 Cal.App.2d 799 [69 Cal.Rptr. 116]; see *People v. Bank of San Luis Obispo* (1910) 159 Cal. 65 [112 P. 866]; *People v. Mason* (1958) 163 Cal.App.2d 630 [329 P.2d 614]; *People v. Avelino* (1947) 81 Cal.App.2d 934 [185 P.2d 361]; *State v. Pardon* (1967) 272 N.C. 72 [157 S.E.2d 698]; *Hosier v. Aderhold* (5th Cir. 1934) 71 F.2d 422; 1 Sutherland, Statutory Construction (3d ed. 1943) § 2046, p. 529; and fn. 2.) The date of final judgment is determinative, because the sentence then becomes res judicata. Thereafter the court has no further jurisdiction over the punishment. (See *Yeaton v. United States* (1809) 9 U.S. (5 Cranch) 281 [3 L.Ed. 101]; *In re Kline* (1904) 70 Ohio St. 25 [70 N.E. 511]; *State v. Addington* (1831) 2 Bailey (S.C.) 516; *Ex parte Andres* (1922) 91 Tex. Crim. 93 [237 S.W. 283].)

Petitioner also invokes *In re Kapperman, supra,* 11 Cal.3d 542, wherein, on equal protection grounds, the court held that felons delivered into the custody of the Director of Corrections prior to the effective date of Penal Code section 2900.5 were entitled to the benefit of that section's credit for time served. *Kapperman* does not aid petitioner. Although the court there noted that the section 2900.5 credit would advance the prisoner's parole eligibility date, it distinguished (and approved) *Estrada's* rule on the ground that *Estrada* involved the

---

[1]When petitioner was sentenced, the term prescribed by section 11352 was five years to life. That minimum and maximum were not changed by the recent amendment of section 11352.

[2]The *Estrada* rule is applicable even where the defendant has wrongfully delayed the finality of the judgment entered against him. (*In re Fink* (1967) 67 Cal.2d 692 [63 Cal.Rptr. 369, 433 P.2d 161].)

application to previously convicted offenders of statutes "lessening the *punishment*" for a particular offense. (11 Cal.3d at pp. 546-547.) (Italics in original.) Such is the case here.

■ In the context of equal protection, "[a] refusal to apply a statute retroactively does not violate the Fourteenth Amendment." (*People* v. *Aranda* (1965) 63 Cal.2d 518, 532 [47 Cal.Rptr. 353, 407 P.2d 265].) Equal protection is not denied where an amendatory statute reducing a penalty is not applied to persons whose convictions were final before the effective date of the ameliorative amendment. (*Jones* v. *Cupp* (9th Cir. 1971) 452 F.2d 1091.) The only requirement is that "classifications between those to whom the state accords and withholds substantial benefits must be reasonably related to a legitimate public purpose." (*In re Kapperman, supra,* 11 Cal.3d at p. 545; accord, *McGinnis* v. *Royster* (1973) 410 U.S. 263, 270 [35 L.Ed.2d 282, 288-289, 93 S.Ct. 1055].) The Legislature properly may give only prospective operation to statutes which lessen the punishment for a particular offense, "to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman, supra,* at p. 546.)

The order to show cause is discharged, and the petition denied.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied June 22, 1976, and petitioner's application for a hearing by the Supreme Court was denied July 21, 1976. Mosk, J., was of the opinion that the application should be granted.