The House of Representatives
State of Alabama
The State Capitol
Montgomery, Alabama
Members of the House of Representatives:
We are in receipt of House Resolution No. 145 which is requesting an advisory opinion on House Bill 26, which is, in part, as follows:
“HR 145 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.B. 26.
*61 “BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 26, a copy of which is attached to this resolution and made a part hereof by reference:
“1. Does H.B. 26 violate the 14th Amendment to the U. S. Constitution?
“RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send sufficient true copies of the pending bill, H.B. 26, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.
“SYNOPSIS: This bill provides that certain judicial officers convicted of a felony shall receive a mandatory sentence of imprisonment equal to the minimum time prescribed for said felony.
A BILL
TO BE ENTITLED
AN ACT
“To provide that certain judicial officers convicted of a felony shall receive a mandatory sentence of imprisonment equal to the minimum time prescribed for said felony.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. For the purposes of this act judicial officers shall mean Supreme Court Justices, Court of Criminal Appeal Judges, Court of Civil Appeal Judges, Circuit Court Judges and District Court Judges.
“Section 2. Any judicial officer convicted of a criminal act constituting a felony shall receive a mandatory sentence of imprisonment equal to the minimum time prescribed for said felony. This act, in no way, shall prohibit a longer sentence of imprisonment than the minimum prescribed by law.
“Section 3. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.”
“Section 4. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
The answer to your inquiry is in the affirmative.
Generally, any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the state, and a statute is void as a denial .of equal protection of the laws which prescribes a different punishment or different degrees of punishment for the same acts committed under the same circumstances by persons in like situations.
While the legislature has a broad discretion to classify and provide a special punishment for a special class of offenders, such as minors, convicts and habitual offenders, there is no fact contained in your request for this opinion which shows the reasonable basis for a law which would single out members of the judiciary for special punishment as a class. It is a settled principle that “[wjhen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and sterilizes one and not the other, it has made as an invidious a discrimination as if it had selected a particular race or nationality for oppressive treatment.” McLaughlin v. State of Florida, 379 U.S. 184, 194, 85 S.Ct. 283, 289, 13 L.Ed.2d 222 (1964).
We are of the opinion that there is no rational basis for classifying justices and *62 judges of the state in a special category for purposes of punishment.
Respectfully submitted,
C. C. TORBERT, JR. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Justices