# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 24, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

ROY A. BURCH,                    )
                                 )
    Petitioner/Appellant,        )
                                 )    Appeal No.
                                 )    01-A-01-9712-CH-00702
VS.                              )
                                 )    Davidson Chancery
                                 )    No. 97-2496-I
TENNESSEE DEPARTMENT OF          )
CORRECTION,                      )
                                 )
    Respondent/Appellee.         )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


ROY A. BURCH
Northeast Correctional Center
P. O. Box 5000
Mountain City, Tennessee 37683
        Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
        Attorney for Respondent/Appellee


AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
CAIN, J.


# O P I N I O N

An inmate sentenced to life imprisonment as a Class X habitual offender filed a petition for declaratory judgment. He claimed that he was entitled to have his sentence recalculated under a more lenient statute that was enacted after he was sentenced. The trial court dismissed the petition. We affirm.

## I. A Change in the Sentencing Law

Roy Burch was convicted of aggravated rape and sentenced to life imprisonment as a habitual criminal on October 25, 1989. On November 1, 1989, the Class X felony law under which Mr. Burch was sentenced was repealed, and was replaced by the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 et seq. Under that Act, aggravated rape is classified as a Class A felony, and carries with it possible sentences of from 15-25 years for a standard Range I offender, all the way to 60 years for a career offender.

On July 25, 1997, Mr. Burch filed a petition for a declaratory judgment that he was entitled to be resentenced under the Criminal Sentencing Reform Act of 1989. The Department filed a motion to dismiss the petition on the ground that it failed to state a claim upon which relief could be granted. The trial court granted the defendant's motion on November 19, 1997. This appeal followed.

## II. Tenn. Code Ann. § 39-1-105

Mr. Burch argues on appeal that a law in effect at the time he was sentenced entitles him to receive the benefit of any subsequent statutory change in sentencing. He also argues that the failure to treat him in the same manner as those sentenced after November 1, 1989 is a violation of his constitutional equal protection rights. With all due respect to Mr. Burch, both of those arguments have been examined by our courts in earlier cases, and were found to be without merit.

- 2 -

We will focus our discussion on one of these cases, *State ex rel Stewart v. McWherter*, 857 S.W.2d 875 (Tenn. Crim. App. 1992), because its arguments are identical to those in the present case, and the facts are virtually identical, except for the fact that Mr. Stewart's crime was armed robbery, rather than rape, and he was sentenced six years before the enactment of the Criminal Sentencing Reform Act of 1989, rather than six days before.

Mr. Burch's statutory argument is based upon Tenn. Code Ann. § 39-1-105 (enacted 1968, repealed 1989). That statute read:

> **Repealed or amended laws -- Application in prosecution for offense.--** Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

In the *Stewart* case, the court examined the admittedly complex language of the statute above, and determined it to mean that only those who had not been sentenced prior to the effective date of a law reducing a penalty for their crime would receive the benefit of the more lenient law. As the court noted, this interpretation is consistent with the provision of the 1989 Sentencing Act which limits its application to those who are sentenced after its effective date of November 1, 1989. Tenn. Code Ann. § 40-35-117.

### III. Equal Protection

The appellant contends that it is a violation of his equal protection rights under the 14th Amendment of the U.S. Constitution, and under Article XI, Sec. 8 of the Tennessee Constitution, to impose a different penalty upon him than upon an

individual guilty of an identical crime, just because of his date of sentencing. Mr. Burch argues (as did Mr. Stewart) that strict constitutional scrutiny should be applied to his claim because of the liberty interest at stake. *See Doe v. Norris*, 751 S.W.2d 834 (Tenn. 1988).

In the alternative, he argues that even if we do not find a fundamental right to be at stake, and we therefore apply the more relaxed "rational basis test" to his claim, we would still be required to resentence him, because the state can claim no possible rational relationship between classifications based upon date of sentencing, and any legitimate state interest. *See Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307 (1976); *Plyler v. Doe*, 457 U.S. 202 (1982).

In the *Stewart* case, supra, the Court of Criminal Appeals held that the strict scrutiny test did not apply, because the prisoner had lost the relevant portion of his fundamental right to personal liberty by virtue of his lawful conviction. The court went on to say, however, that even if it applied the strict scrutiny test to the prisoner's claim, it would still have to uphold the constitutionality of the distinction created by Tenn. Code Ann. § 40-35-117, because of a compelling state interest which it explained as follows:

> There is a legitimate state interest at stake in not allowing the reopening of a virtual Pandora's box of all cases involving sentences imposed before November 1, 1989, but which are presently being served by confinement, parole or probation.

> Society has a strong interest in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition. The wholesale unsettling of final judgments of conviction and sentence which would occur if the 1989 Act were applicable as the petitioner claims is a price the legislature was justified in not paying when it provided that the Act would not apply to previously sentenced offenders.

857 S.W.2d at 877.

We agree with this reasoning.

- 4 -

Mr. Burch notes that the Legislature has affirmed the importance of reducing prison overcrowding, and argues that the appellee's interpretation of the Sentencing Reform Act of 1989 undermines the legislative intent. We find this argument quite unpersuasive. Legitimate state interests are often balanced one by another, and it is not always possible to serve one interest without undermining another. The Legislature could theoretically solve the problem of prison overcrowding at one stroke by releasing all prisoners, but this would create more and greater problems for society. By enacting the Sentencing Reform Act of 1989, the Legislature crafted a partial solution to prison overcrowding, while at the same time preserving the deterrent effect that arises from allowing sentences that have already been imposed to remain unchanged.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE