In 1991, Levanure Zimmerman was convicted of murder. He was sentenced, as an habitual offender with three prior felony convictions, to life imprisonment without the possibility of parole. On direct appeal, the Court of Criminal Appeals affirmed his conviction and sentence, without an opinion. Zimmerman v. State, 602 So.2d 1235 (Ala.Crim.App. 1992) (table).
This present petition seeks certiorari review of a judgment of the Court of Criminal *Page 409 
Appeals, issued on June 29, 2001, affirming the Calhoun Circuit Court's denial of Zimmerman's postconviction petition,[1] in which Zimmerman contested the legality of his 1991 sentence. Zimmerman v. State,838 So.2d 404 (Ala.Crim.App. 2001). Zimmerman contends that his sentence as an habitual felony offender of life imprisonment without the possibility of parole violates his right to equal protection under the laws, by virtue of a relatively recent amendment to the Alabama Habitual Felony Offender Act. Specifically, he argues that § 13A-5-9(c)(3), Ala. Code 1975, as amended effective May 25, 2000, impermissibly treats Class A felony offenders who have three prior felony convictions, none of which are Class A felonies, differently based on whether the offender's sentence was not final in the trial court on May 25, 2000.
Before May 25, 2000, § 13A-5-9(c), Ala. Code 1975, provided, in pertinent part:
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
". . . .
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."
Section 13A-5-9(c), Ala. Code 1975, as amended by Act No. 2000-759, Ala. Acts 2000, provides, in pertinent part:
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
". . . .
 "(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life imprisonment without the possibility of parole, in the discretion of the trial court.
 "(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."
Thus, § 13A-5-9(c)(3), as amended, gives the trial court discretion to sentence a Class A felony offender with three prior felony convictions to imprisonment for life or imprisonment for life without the possibility of parole, if none of those three prior felony convictions was for a Class A felony.
In § 3 of Act No. 2000-759, the Alabama Legislature specifically provided that the amended version of § 13A-5-9(c)(3) was to be applied prospectively, that is, to only those cases in which the sentence was not final on May 25, 2000, the effective date of the Act. Section 3 provides:
 "The provisions of Sections 1 [amending § 13-5-9] and 2 shall be applied prospectively only and shall apply only to any case in which the sentence is not final at the trial court on the effective date of this act. Sections 1 and 2 shall not be construed to create a right of any person currently serving a term of imprisonment imposed pursuant to Section 13A-5-9, Code of Alabama, prior to the effective date of this amendatory act to petition the parole board or court for review of his or her sentence based on *Page 410 
Section 13A-5-9, Code of Alabama, as amended."
(Emphasis added.)
When Zimmerman committed the murder for which he was punished as an habitual offender, the mandatory sentence upon application of §13A-5-9(c)(3) for a Class A felony offender with three prior felony convictions was imprisonment for life without the possibility of parole, even if none of those prior convictions was for a Class A felony. The prior convictions used to enhance Zimmerman's sentence were not for Class A felonies. He contends that the prospective application of the amended sentencing statute violates his right to equal protection under the laws by creating a date-based classification that confers the possibility of more lenient sentencing on a class of persons whose sentences were not final as of May 25, 2000, the effective date of the Act, while arbitrarily and inequitably excluding from the possibility of that leniency those persons, like him, whose sentences for offenses of the same nature or seriousness were final before the effective date of the Act.[2]
The Court of Criminal Appeals, in a well-reasoned and thorough opinion written by Retired Appellate Judge Patterson, rejected Zimmerman's equal-protection argument. In a footnote in its opinion, the Court of Criminal Appeals cites the following general rule:
 "`As a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense, at least in the absence of an expression of intent by the legislature to make the new statute applicable to previously committed crimes. An increase in the penalty for previously committed crimes violates the prohibition against ex post facto legislation.
 "`A legislature may, however, prospectively reduce the maximum penalty for a crime even though those sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than one sentenced to the maximum term there[after]. Where a statute reduces the punishment which may be imposed for a crime committed before the statute is enacted but for which sentence is imposed after the statutory amelioration, the ameliorative statute ordinarily vests the court with the discretionary power to impose the lesser punishment provided by the new law.'"
838 So.2d at 405-06 n. 1, quoting 24 C.J.S. Criminal Law § 1462 (1989) (footnotes omitted). The Court of Criminal Appeals went on to state:
 "Under the well-recognized rule, Zimmerman's argument has no merit. `[A] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.' 16B C.J.S. Constitutional Law § 777 (1985). See also
Arthur W. Campbell, Law of Sentencing § 8:6 (2d ed. 1991) (`It has been ruled equal-protection principles [do not] require retroactive application of a newly enacted statute which would lessen sentencing sanctions . . . .'). See, e.g., Mirenda v. Ulibarri, 351 F. Supp. 676 (C.D.Cal. 1972); In re Moreno, 58 Cal.App.3d 740, 743, 130 Cal.Rptr. 78, 80 (1976) (`Equal protection is not denied where an amendatory statute reducing a penalty is not applied to persons whose convictions were final before the effective date of the ameliorative amendment.'); Carter *Page 411 
 v. State, 512 N.E.2d 158, 170 (Ind. 1987) (`Because Carter was charged, tried, and sentenced before the amendment went into effect, it was not a denial of equal protection to sentence Carter according to the statute in effect at that time.'); Bowen v. Recorder's Court Judge, 384 Mich. 55, 179 N.W.2d 377 (1970); Burch v. Tennessee Dep't of Correction, 994 S.W.2d 137
(Tenn.Ct.App. 1999). Where legislation confers a benefit not previously provided and is effective on a certain date, the apparent inequity results from all such ameliorative legislation and has been held not to deny equal protection. Jackson v. Alabama, 530 F.2d 1231, 1238 (5th Cir. 1976). See also Brooks v. State, 622 So.2d 447, 449 (Ala.Crim.App. 1993) (`A prisoner sentenced under an earlier, less favorable sentence reduction statute generally has no right to complain of the ameliorative provisions of a later good-time statute.').
 "In presenting his argument to the circuit court and to this court, Zimmerman repeatedly relies on the following language:
 "`Generally, any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the state, and a statute is void as a denial of equal protection of the laws which prescribes a different punishment or different degrees of punishment for the same acts committed under the same circumstances by persons in like situations.'
 "Opinion of the Justices No. 293, 410 So.2d 60, 61
(Ala. 1982). However, the amendatory act, by mandating that its benefits apply only to those whose sentences were not final on May 25, 2000, created two classes, thereby negating any possibility of its subjects being `persons in like situations.' As noted by the court in Mirenda v. Ulibarri, 351 F. Supp. at 677:
 "`This is of necessity the result of any new law which is to go into effect at and on a certain date. The seeming inequity in fixing a cut-off date is outbalanced by the factors of reliance and burden on the administration of justice which argue for prospective application only. Stovall v. Denno, 388 U.S. 293, 300-301 . . . (1967).'
 "See also Jackson v. Alabama, 530 F.2d at 1238 (`the "factors of reliance and burden on the administration of justice," Stovall v. Denno[, 388 U.S. 293, 300
(1967)], outweigh the apparent inequity in determining a fixed cutoff date'); In re Moreno, 58 Cal.App.3d at 743, 130 Cal.Rptr. at 81 (the Legislature properly may give only prospective operation to statutes that lessen the punishment for a particular offense, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment); People v. Grant, 71 Ill.2d 551, 562, 377 N.E.2d 4, 9 (1978) (avoiding remand for additional sentencing hearings is a reasonable basis for the Legislature's distinguishing between those defendants who had not yet been sentenced prior to the effective date of the amendatory act and those, on the other hand, whose sentences had been imposed before the effective date); Burch v. Tennessee Dep't of Correction, 994 S.W.2d at 139 (the preservation of the deterrent effect that arises from allowing sentences that have already been imposed to remain unchanged is a legitimate state interest); State ex rel. Stewart v. McWherter, 857 S.W.2d 875, 877 (Tenn.Crim.App. 1992) (a compelling state interest exists in preserving the finality of criminal litigation resulting in a conviction and sentence which were valid at the time of their imposition). *Page 412 
 Accordingly, we reject Zimmerman's argument that there is no possible rational relationship between classification based upon the date the sentence became final and any legitimate state interest.
 "Some courts have resolved the issue of the effect of an amendatory act by statutory construction. See
Campbell, supra at § 8:22. For example, in Abdo v. Commonwealth, 218 Va. 473, 479-80, 237 S.E.2d 900, 903-04 (1977), the court treated the issue as follows:
 "`When the General Assembly reduced the penalty for the offense of manufacturing phencyclidine it did not enact accompanying legislation extending the benefit of the mitigating effect of the statute beyond that provided for in Code § 1-16. We see no constitutional question involved in this case. The fact that the legislature reduces the penalty for a crime after a prisoner is sentenced, and he does not benefit from that mitigation of punishment, does not constitute an arbitrary classification or deny the prisoner equal protection of the law. Here the legislature, in the exercise of its reasonable legislative determination, has seen fit to draw the line of demarcation at the point where final judgment is pronounced and entered. It cannot be said that to draw it at this point is more arbitrary than at some other stage in the criminal process. Bradley v. United States, 410 U.S. 605 . . . (1973).'
 "Based on the foregoing, we find no violation of equal protection in the prospective application of the amendment to § 13A-5-9. The circuit court properly found Zimmerman's petition to be without merit."
838 So.2d at 406-07 (footnote omitted).
We agree with the rationale and holding in the Court of Criminal Appeals' opinion, and we adopt its analysis as part of the opinion of this Court. The Court of Criminal Appeals cited In re Moreno, 58 Cal.App.3d 740,130 Cal.Rptr. 78 (1976), in its opinion. The California Court of Appeal stated in In re Moreno:
 "Equal protection is not denied where an amendatory statute reducing a penalty is not applied to persons whose convictions were final before the effective date of the ameliorative amendment. (Jones v. Cupp (9th Cir. 1971) 452 F.2d 1091.) The only requirement is that `classifications between those to whom the state accords and withholds substantial benefits must be reasonably related to a legitimate public purpose.' (In re Kapperman [(1974)] 11 Cal.3d [542] at p. 545, 114 Cal.Rptr. [97] at p. 99; accord, McGinnis v. Royster (1973) 410 U.S. 263, 270)."
58 Cal.App.3d at 743, 130 Cal.Rptr. at 80-81. The disparity of which Zimmerman complains does not run between classes of persons whose situations are indistinguishable. Zimmerman was sentenced under §13A-5-9(c)(3) and his sentence became final before the May 25, 2000, amendment became effective. He is being treated similarly to all other offenders sentenced under the law in effect at the time he was sentenced. More importantly, the State has a legitimate interest in seeking to ameliorate the perceived harshness of the Habitual Felony Offender Act and a strong concomitant interest in maintaining the finality of judgments and "`assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.'" In re Moreno, 58 Cal.App.3d at 743, 130 Cal.Rptr. at 81, quoting In re Kapperman, 11 Cal.3d 542, 546, 522 P.2d 657,659, 114 Cal.Rptr. 97, 99 (1974). The prospective *Page 413 
application of a sentencing statute — which may result in the punishment of offenders based upon the date of final judgment — is reasonably related to these legitimate State interests and does not violate an offender's right to equal protection.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] Zimmerman styled the petition as a "petition for writ of habeas corpus" and filed it in the Jefferson Circuit Court. That court, however, correctly construed the petition as one seeking postconviction relief under Rule 32, Ala.R.Crim.P., and transferred it to the Calhoun Circuit Court, the court in which Zimmerman was convicted.
[2] Presumably, the relief Zimmerman seeks is a new sentencing hearing, at which the trial court will be allowed to exercise its discretion to sentence him to imprisonment for life instead of imprisonment for life without the possibility of parole.