On February 27, 1989, the appellant, James Lee Hastings, was convicted of second-degree escape, first-degree robbery, and first-degree burglary. On April 14, 1989, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole on the first-degree robbery and first-degree burglary convictions and to serve a consecutive term of life in prison on the second-degree escape conviction.See § 13A-5-9(c), Ala. Code 1975. On September 13, 2004, the appellant filed a "Motion for Reconsideration of Sentence Pursuant to the Alabama Supreme Court's Recent Ruling in Ex parte Kirby." After the Alabama Department of Corrections ("DOC") responded, the circuit court conducted a hearing and denied the motion. This appeal followed.
 I.
The appellant argues that the circuit court erred when it did not appoint counsel to represent him after he filed his motion.
 "The Sixth Amendment guarantees the right of counsel to the accused in all criminal prosecutions. U.S. Const. Amend. VI. This right to counsel encompasses all federal and state criminal prosecutions that result in imprisonment. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right is applicable to the states by virtue of the Fourteenth Amendment. Gideon v. Wainwright. The right attaches at the initiation of adversary judicial proceedings, and extends to every critical stage of the proceedings. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). A critical stage is any stage where a substantial right of an accused may be affected, Mempa v. *Page 975 Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and can arise in pretrial as well as post-trial proceedings. See Moran v. Burbine, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) (pretrial right to presence of attorney violated during any interrogation occurring after the first formal charging proceedings, absent a valid waiver); Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977) (pretrial right to counsel violated where judicial proceedings had been initiated and confession obtained without the presence of counsel and in absence of a valid waiver); Johnston v. Mizell, 912 F.2d 172 (7th Cir. 1990), cert, denied, 498 U.S. 1094, HI S.Ct. 982, 112 L.Ed.2d 1067 (1991) (posttrial motion for new trial critical stage in criminal proceedings); Menefield v. Borg, 881 F.2d 696 (9th Cir.1989) (posttrial motion for new trial critical stage requiring counsel or valid waiver); King v. State, 613 So.2d 888 (Ala.Cr.App. 1993) (post-trial motion for new trial critical stage requiring counsel, absent a valid waiver). Courts have held that a motion to withdraw a guilty plea is a critical stage in a criminal proceeding, requiring effective assistance of counsel. See, e.g., United States v. White, 659 F.2d 231 (D.C. Cir.1981); United States v. Crowley, 529 F.2d 1066 (3rd Cir.1976). In recognizing that a defendant in Alabama has a right to counsel at sentencing and in the first appeal, this court stated in King v. State, 613 So.2d at 891, `It would appear that if an indigent defendant is constitutionally entitled to the assistance of counsel at sentencing and in the first appeal as a matter of right, that defendant would be entitled to the assistance of counsel in the interim period, absent a waiver.'"
Berry v. State, 630 So.2d 127, 129 (Ala.Crim.App. 1993).
A petitioner does not have a right to have his sentence reduced pursuant to § 13A-5-9.1, Ala. Code 1975. Rather, we have held that,
 "[a]s long as the circuit court has jurisdiction to rule on a § 13A-5-9.1 motion; reviews any such motion that is properly filed before it by an inmate who is eligible for reconsideration; and, if it chooses to resentence a petitioner, imposes a sentence that is authorized by §§ 13A-5-9(c)(2) or 13A-5-9(c)(3), Ala. Code 1975, we will not second-guess that court's discretionary decision. Compare Rheuark v. State, 625 So.2d 1206
(Ala.Crim.App. 1993) (holding that the initial decision to grant or deny probation is entirely within the discretion of the trial court and is not reviewable on appeal); C.D.C v. State, 821 So.2d 1021, 1025
(Ala.Crim.App. 2001) (holding that the decision to refer a defendant to drug court is solely within the prosecutor's discretion and is not subject to appellate review)."
Prestwood v. State, 915 So.2d 580, 583
(Ala.Crim.App. 2005). Because a motion for reconsideration of sentence pursuant to § 13A-5-9.1, Ala. Code 1975, is not a proceeding in which a substantial right of the petitioner may be affected, it is not a critical stage of the proceedings.Cf. Magwood v. State, 689 So.2d 959
(Ala.Crim.App. 1996) (holding that a Rule 32 petition is not a critical stage of the proceedings); King, supra (holding that a motion for a new trial is a critical stage of the proceedings because it falls between two stages of the proceedings when a defendant has the right to counsel — sentencing and on direct appeal from the conviction). Accordingly, the appellant did not have a right to counsel in this proceeding, and the circuit court did not err when it did not appoint counsel to represent him. *Page 976 
 II.
The appellant also argues that the Alabama Board of Pardons and Paroles ("the Board") should determine which offenders are violent offenders. Specifically, he contends that the determination as to whether an offender is a violent offender should be based on the Board's rules and regulations and that, under those rules and regulations, he would be considered a nonviolent offender. However, in Kirby v. State,899 So.2d 968, 974 (Ala. 2004), the Alabama Supreme Court held, in pertinent part:
 "We conclude that the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender and that those judges are competent to make that determination based upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced."
(Emphasis added.)See also Sanders v. State,934 So.2d 432, 434 (Ala.Crim.App. 2005) (holding that "[w]hether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal"). Therefore, the appellant's argument is without merit.
 III.
Finally, the appellant argues that § 13A-5-9.1, Ala. Code 1975, violates equal protection principles because it limits the retroactive application of the May 25, 2000, amendments to the Habitual Felony Offender Act to nonviolent offenders. However, the Alabama Supreme Court rejected a similar argument in Zimmerman v. State, 838 So.2d 408
(Ala. 2002). Therefore, the appellant's argument is without merit.
For the above-stated reasons, we affirm the circuit court's judgment.
AFFIRMED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
 *Page 56