998 So.2d 1086 (2007)
STATE of Alabama
v.
Cleo Charles CLEMONS.
CR-05-1950.
Court of Criminal Appeals of Alabama.
November 2, 2007.
Order Overruling Rehearing February 1, 2008.
Certiorari Denied June 13, 2008 Alabama Supreme Court 1070673.
*1087 Troy King, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellant.
Ashley E. Cameron, Kenneth A. Nixon, and Shane A. Taylor, Mobile, for appellee.
Kathryn A. King, Cullman, for amicus curiae Alabama Criminal Defense Lawyers Association, in support of the appellee.
SHAW, Judge.
Pursuant to Rule 15.7, Ala.R.Crim.P., the State appeals the pretrial order of the trial court dismissing the indictment charging Cleo Charles Clemons with felony driving under the influence of alcohol ("DUI"), a violation of § 32-5A-191(a)(2) and (h), Ala.Code 1975.
The indictment charged:
"The Grand Jury of said County charge, that, before the finding of this indictment Cleo Charles Clemons whose name is to the Grand Jury otherwise unknown than as stated, did, on or about February 8, 2005, drive or have actual physical control of a vehicle, while the said Cleo Charles Clemons was under the influence of alcohol, in violation of § 32-5A-191(a)(2) and (h) of the Code of Alabama, against the peace and dignity of the State of Alabama.
"Count II
"The Grand Jury of said County charge, that, before the finding of this indictment Cleo Charles Clemons, whose name is to the Grand Jury otherwise unknown than as stated, did, on or about February 8, 2005, drive or was in actual physical control of a vehicle while under the influence of alcohol; after having been convicted of three or more offenses which were violations of § 32-5A-191 of the Code of Alabama, on to-wit: August 14, 1991, January 7, 1992 and June 25, 1997, in violation of § 32-5A-191(a) and (h) of the Code of Alabama, against the peace and dignity of the State of Alabama."
Relying on § 32-5A-191(o), Ala.Code 1975, as amended by Act No. 2006-654, Ala. Acts 2006, Clemons moved to have his prior DUI convictions, as set forth in the *1088 indictment, declared inadmissible for purposes of enhancing his sentence under § 32-5A-191(h), Ala.Code 1975, on the ground that they were too remote and, therefore, could not be considered for purposes of sentencing under § 32-5A-191(h).[1] Clemons argued that the State could not use his prior convictions for purposes of enhancing his sentence and, therefore, that it had no basis upon which to sentence him for a felony. He argued that if his prior DUI convictions could not be used for sentencing purposes the DUI charge against him should be dismissed. The record contains no written response by the State to Clemons's motions.[2] However, the trial court conducted a hearing on the motions. During the hearing, the prosecutor indicated that the State would appeal the dismissal of the indictment, apparently on the ground that she did not believe that the effect of the 2006 amendment to § 32-5A-191 was to restrict the use of prior DUI convictions for sentencing purposes to only those convictions that had occurred within the preceding five-year period; however, the prosecutor made no specific argument on the record in opposition to Clemons's motions. The trial court ultimately and, based on this Court's decision in Hankins v. State, 989 So.2d 610 (Ala.Crim.App.2007), correctly concluded that the 2006 amendment to § 32-5A-191 had restricted the use of prior DUI convictions for sentencing purposes to those occurring within the preceding five-year period and dismissed the indictment.
On appeal, the State contends that the trial court erroneously based its ruling dismissing the indictment on the commonlaw doctrine of amelioration.[3] That doctrine was explained in Zimmerman v. State, 838 So.2d 404 (Ala.Crim.App.2001), as follows:
"We note the general law, as expressed by the following:
"`As a general rule, a criminal offender must be sentenced pursuant to the statute in effect at the time of the commission of the offense, at least in the absence of an expression of intent by the legislature to make the new statute applicable to previously committed crimes. An increase in the penalty for previously committed crimes violates the prohibition against ex post facto legislation.
"`A legislature may, however, prospectively reduce the maximum penalty for a crime even though those sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than one sentenced to the maximum term thereunder. Where a statute reduces the punishment which may be imposed for a crime committed before the statute is enacted but for which sentence is imposed after the statutory amelioration, the ameliorative statute ordinarily vests the court with the discretionary power to impose the lesser punishment provided by the new law.'
"24 C.J.S. Criminal Law § 1462 (1989) (footnotes omitted)."
*1089 838 So.2d at 405-06 n. 1. The State argues that even though subsection (o) of § 32-5A-191 was amended after Clemons allegedly committed the offense but before he was convicted and sentenced, § 1-1-9 and § 1-1-15(b), Ala.Code 1975,[4] operate together to preclude application of the common-law doctrine of amelioration. Therefore, the State argues, the law in effect at the time of the commission of the offense (i.e., before the effective date of the 2006 amendment to § 32-5A-191) should have been applied. Clemons contends that the State's argument is being made for the first time on appeal and is, therefore, not properly before this Court. We must agree.
As previously noted, the record indicates that the prosecutor made no specific arguments on the record in opposition to Clemons's motions, and she made no objection when the trial court indicated that it was going to apply the law as it understood it to be at the time of sentencing, instead of the law in effect at the time of the commission of the offense.[5] See, e.g., Minnifield v. State, 941 So.2d 1000 (Ala.Crim.App.2005) (noting that generally the law in effect at the time of the commission of the offense controls the prosecution, including the sentence). The State conceded as much during the oral argument of this case, and its argument in its reply brief that Rule 15.7, Ala.R.Crim.P., does not require the State to preserve its arguments at the trial court level is unpersuasive. It is well-settled that "[r]eview on appeal is limited to review of questions properly and timely raised at trial." Newsome v. State, 570 So.2d 703, 716 (Ala. Crim.App.1989). "[A]s a general proposition of law, the failure of a party to object to a matter at trial precludes the party from raising that matter on appeal as error." Ex parte Williams, 571 So.2d 987, 989 (Ala.1990). See also Washington v. State, 922 So.2d 145, 162 (Ala.Crim.App. 2005), and State v. Cortner, 893 So.2d 1264 (Ala.Crim.App.2004). Therefore, even assuming, as the State suggests, that the trial court based its ruling on the commonlaw doctrine of amelioration,[6] without an objection on a stated ground and an adverse ruling the specific argument that the State now makes on appeal is not properly before this Court. This Court will not reverse a trial court's judgment based on a nonjurisdictional argument[7] that that *1090 court was not given an opportunity to consider. See, e.g., Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala. 1999) ("[T]he appellate courts will not reverse a trial court on any ground not presented to the trial court.").
For the foregoing reasons, we have no choice but to affirm the judgment of the circuit court.
AFFIRMED.
McMILLAN, WISE, and WELCH, JJ., concur.
BASCHAB, P.J., dissents, with opinion.
BASCHAB, Presiding Judge, dissenting.
This case involves another confusing passage in the labyrinth of disjointed opinions that is DUI law in Alabama. The offense in this case occurred on February 8, 2005, before the effective date of § 32-5A-191(o), Ala.Code 1975. "A defendant's sentence is determined by the law in effect at the time of the commission of the offense." Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App.1990) (emphasis added). Also, the Legislature did not clearly express an intent that § 32-5A-191(o), Ala.Code 1975, was to be applied retroactively. Therefore, because § 32-5A-191(o), Ala.Code 1975, was not in effect at the time the appellee committed the offense in this case and is not retroactive, the trial court improperly relied on that amendment to dismiss the felony DUI indictment against the appellee.
The majority concludes that the State's argument on this ground is not properly before this court. However, the appellee specifically sought to exclude the prior convictions and dismiss the indictment based on § 32-5A-191(o), Ala.Code 1975. Therefore, the question of whether this particular subsection applied in this case was clearly before the trial court, and the State expressed its opposition to the dismissal of the indictment. I recognize that the trial court did not actually impose an illegal sentence in this case. However, the ruling could result in an unauthorized sentence, assuming the State could properly prove the prior DUI convictions. Under these circumstances, this issue is properly before this court, and the majority's holding to the contrary is erroneous.
For the above-stated reasons, this court should reverse the trial court's dismissal of the indictment against the appellee. Accordingly, I respectfully dissent.

On Application for Rehearing
SHAW, Judge.
APPLICATION FOR REHEARING OVERRULED.
McMILLAN and WELCH, JJ., concur.
BASCHAB, P.J., dissents, adheres to original writing.
WISE, J., dissents, with opinion.
WISE, Judge, dissenting.
Although I concurred in this Court's original opinion in this case, issued on November 2, 2007, I was deeply troubled by our holding. Upon careful consideration of the State's application for rehearing and the accompanying brief, together with Judge Baschab's dissent to the original opinion, I am persuaded that this Court's original decision was incorrect. Therefore, I must respectfully dissent from the denial of rehearing.
In its November 2, 2007, opinion, this Court held:
"[T]he record indicates that the prosecutor made no specific arguments on the record in opposition to Clemons's motions, and she made no objection when the trial court indicated that it was going to apply the law as it understood it *1091 to be at the time of sentencing, instead of the law in effect at the time of the commission of the offense. See, e.g., Minnifield v. State, 941 So.2d 1000 (Ala. Crim.App.2005) (noting that generally the law in effect at the time of the commission of the offense controls the prosecution, including the sentence). The State conceded as much during the oral argument of this case, and its argument in its reply brief that Rule 15.7, Ala.R.Crim.P., does not require the State to preserve its arguments at the trial court level is unpersuasive. It is well-settled that `[r]eview on appeal is limited to review of questions properly and timely raised at trial.' Newsome v. State, 570 So.2d 703, 716 (Ala.Crim.App. 1989). `[A]s a general proposition of law, the failure of a party to object to a matter at trial precludes the party from raising that matter on appeal as error.' Ex parte Williams, 571 So.2d 987, 989 (Ala.1990). See also Washington v. State, 922 So.2d 145, 162 (Ala.Crim.App. 2005), and State v. Cortner, 893 So.2d 1264 (Ala.Crim.App.2004). Therefore, even assuming, as the State suggests, that the trial court based its ruling on the common-law doctrine of amelioration, without an objection on a stated ground and an adverse ruling the specific argument that the State now makes on appeal is not properly before this Court. This Court will not reverse a trial court's judgment based on a nonjurisdictional argument that that court was not given an opportunity to consider. See, e.g., Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala. 1999) ('[T]he appellate courts will not reverse a trial court on any ground not presented to the trial court.')."
998 So.2d at 1089-90 (footnotes omitted).
Judge Baschab, in her dissent, asserted that the majority's conclusion that the State's argument was not properly before this Court to be incorrect, noting that
"the appellee specifically sought to exclude the prior convictions and dismiss the indictment based on § 32-5A-191(o), Ala.Code 1975. Therefore, the question of whether this particular subsection applied in this case was clearly before the trial court, and the State expressed its opposition to the dismissal of the indictment. I recognize that the trial court did not actually impose an illegal sentence in this case. However, the ruling could result in an unauthorized sentence, assuming the State could properly prove the prior DUI convictions. Under these circumstances, this issue is properly before this court, and the majority's holding to the contrary is erroneous."
998 So.2d at 1089 (Baschab, J., dissenting).
Alternatively, the State argues that this Court should choose to treat the limited circumstances involving a State's pretrial appeal under Rule 15.7, Ala.R.Crim.P., the same way it treats a trial error by the defense so clear and blatant that it is beyond contrary interpretation. Appellate courts have held that where an error of defense counsel is so "blatant and clear on the face of the record that there is no room for interpretation" constitutes an exception to the contemporaneous preservation of error rule. See, e.g., Ex parte Jefferson, 749 So.2d 406, 408 (Ala.1999); Finney v. State, 860 So.2d 367, 386 (Ala. Crim.App.2002). Such a clear and blatant error as the one presented here  namely, that §§ 1-1-9 and 1-1-15(b), Ala.Code 1975, require that the law in effect at the time of an offense apply to a defendant's sentencing  is beyond contrary interpretation and deserves correction in the first instance, just as the errors found to warrant correction on appeal in Ex parte Jefferson, supra, and Finney v. State, supra.
*1092 As the State further points out, the specific-objection rules of Rule 103(a), Ala. R.Evid., and Rule 45, Ala.R.App.P., should be considered superseded by Rule 15.7, Ala.R.Crim.P., with respect to the designation and formulation of appellate grounds in a State's pretrial appeal. Unlike ordinary grounds for objection, Rule 15.7, Ala. R.Crim.P., allows the State to file a pretrial appeal in three limited situations: (1) a suppression relative to a confession or to the admission of evidence; (2) the dismissal of an indictment; and (3) the quashing of an arrest or search warrant. See State v. Sullivan, 741 So.2d 1125, 1126 (Ala. Crim.App.1999). "Rules and statutes relating to the same subject matter must be read in pari materia, thus allowing for legal harmony where possible." Ex parte State ex rel. Daw, 786 So.2d 1134, 1136 (Ala.2000) (citing Burlington Northern R.R. v. Whitt, 611 So.2d 219, 222 (Ala. 1992)). Similarly, when two or more rules concern the same subject, the more specific provision controls the more general provision. See Hatcher v. State, 547 So.2d 905, 906 (Ala.Crim.App.1989). Under Rule 15.7  the more specific rule relating to the State's right of appeal  the only requirements for appeal are that the district attorney certify "that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge." Beyond this, Rule 15.7 does not call for the State to further specify the grounds for its appeal.
The purpose of this State's "specific objection" rule, i.e., the preservation of error for appellate review, is to give the trial court an opportunity to correct the alleged error or defect called to its attention before being found in error by an appellate court. See Jennings v. State, 588 So.2d 540, 541 (Ala.Crim.App.1991). Here, it is clear that the trial court knew what the issue before it was when making its ruling; namely, whether the felony DUI law applicable to Clemons was the one in effect at the time of his arrest or at the time of his conviction. Therefore, the policy considerations underlying the specific-objection rule were satisfied. Thus, this Court should have reached the merits of the State's claim, rather than concluding that the claim had not been preserved for appellate review.
I would grant the State's application for rehearing, reverse the trial court's dismissal of the indictment against Clemons, and remand this case for the Mobile Circuit Court to reinstate the indictment charging Clemons with felony DUI and to proceed accordingly.
NOTES
[1] After the trial court had made its ruling in this case, this Court released Hankins v. State, 989 So.2d 610 (Ala.Crim.App.2007), in which we held that amending subsection (o) in its 2006 amendment of § 32-5A-191, the legislature restricted the use of prior DUI convictions for sentencing purposes to only those convictions that occurred within the preceding five-year period.
[2] Clemons filed two motions.
[3] We can find no discussion of this doctrine in the record.
[4] Section 1-1-9 provides:

"This Code shall not affect any existing right, remedy or defense, nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed. As to all such cases, the laws in force at the adoption of this Code shall continue in force. But this section does not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil cases."
Section 1-1-15(b) provides:
"(b) Whenever any reference is made to any portion of this Code or any other law, the reference applies to all amendments thereto."
[5] The trial court stated during the hearing: "And I'm also satisfied, although this is another ripple, that if I'm doing the sentencing in July, I've got to look at the law that exist[s] in July...." (R. 4.)
[6] We do not necessarily agree with this characterization of the trial court's ruling, given its statement at the hearing that it believed it was required to apply the law in effect at the time of sentencing and the fact that amelioration was never mentioned during the hearing. See note 4, supra. It is simply not clear from the record whether the trial court mistakenly applied the law in effect at the time of sentencing or whether it did so intentionally based on its understanding and application of the common-law doctrine of amelioration.
[7] The State attempted at oral argument to argue that this issue was jurisdictional; however, it clearly is not.