STATE of Iowa, Appellee,

v.

Palmer Ray CRONKHITE, Appellant.

No. 99–128.

Supreme Court of Iowa.

July 6, 2000.

Thomas M. Walter of Johnson, Hester, Walter & Breckenridge, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger and James Kivi, Assistant Attorneys General, John A. Morrissey, County Attorney, and Timothy W. Dille, Assistant County Attorney, for appellee.

SNELL, Justice.

Defendant, Palmer Ray Cronkhite, pled guilty to murder in the second degree, in violation of Iowa Code section 707.3 (1997), a class "B" felony. Cronkhite was subsequently sentenced to an indeterminate term of imprisonment not to exceed fifty years. *See* Iowa Code § 707.3. Pursuant to his plea agreement, Cronkhite objected to the imposition of sentencing mandates under which he is required to serve one hundred percent of the maximum term of his sentence without eligibility for work release or parole. *See id.* § 902.12. This requirement is qualified by section 903A.2(1), which affords Cronkhite the opportunity to reduce his sentence by as much as fifteen percent for good conduct. *Id.* § 903A.2(1).

On appeal, defendant asserts Iowa Code sections 902.12 and 903A.2 are unconstitutional on the ground they violate his rights to due process and equal protection. Cronkhite also maintains his sentence is tantamount to cruel and unusual punishment.

## I. Scope of Review

The constitutional challenges raised by defendant necessitate a de novo review. *State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994). Generally, as here, we deem the federal and state Due Process and Equal Protection Clauses to be identical in scope, import, and purpose. *In re C.P.,* 569 N.W.2d 810, 811–12 (Iowa 1997); *Exi-*

*ra Community Sch. Dist. v. State,* 512 N.W.2d 787, 792–93 (Iowa 1994).

II. Discussion

A. Due Process

Defendant avers section 903A.2 vests prisoners with the inalienable right to early release through the accumulation of credits earned by good conduct. Iowa Code section 903A.2 provides:

Unless an inmate is sentenced pursuant to section 902.12, an inmate of an institution under the Iowa department of corrections is eligible for a reduction of sentence of one day for each day of good conduct of the inmate while committed to one of the department's institutions. Unless an inmate is sentenced pursuant to section 902.12, in addition to the sentence reduction of one day for each day of good conduct, each inmate is eligible for an additional reduction of sentence up to five days a month if the inmate participates satisfactorily in employment in the institution, in Iowa state industries, in an inmate employment program established by the director, in a treatment program established by the director, or in an inmate education program approved by the director. However, if an inmate is sentenced under section 902.12, the total number of days which may be accumulated by the inmate to reduce the inmate's sentence shall not exceed fifteen percent of the inmate's total sentence of confinement. . . .

Section 902.12, as referenced above, qualifies eligibility for parole based on the classification of the offense committed. It reads as follows:

**902.12 Minimum sentence for certain forcible felonies—eligibility for parole or work release.**

Except as otherwise provided in section 903A.2, a person serving a sentence for conviction of the following forcible felonies shall serve one hundred percent of the maximum term of the person's sentence and shall not be released on parole or work release:

1. Murder in the second degree in violation of section 707.3.

2. Sexual abuse in the second degree in violation of section 709.3.

3. Kidnapping in the second degree in violation of section 710.3.

4. Robbery in the first or second degree in violation of section 711.2 or 711.3.

Cronkhite maintains section 902.12 abridges fundamental liberty interests secured for all prisoners by section 903A.2, and that these rights are abrogated without due process of law. To this end defendant asserts he should be afforded a hearing in which to challenge the categorization of crimes under the statute, and to raise mitigating factors in support of parole.

■■■■ Cronkhite's contentions are based on the Fifth Amendment Due Process Clause of the United States Constitution, and on article I, section 9 of the Iowa Constitution. The Due Process Clause applies when government action deprives a person of liberty or property. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668, 675 (1979). Accordingly, when there is a claimed denial of due process we must inquire into the nature of the interest at stake. *Id.* To obtain a protectable right a person must have more than an abstract need, desire, or expectation of that right; the individual must, instead, have a legitimate claim to it. *Id.* at 7, 99 S.Ct. at 2103–04, 60 L.Ed.2d at 675 (citing *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972)).

■■■■ There is no constitutional or inherent right to be conditionally released from prison prior to the expiration of a valid sentence. *Greenholtz,* 442 U.S. at 7, 99 S.Ct. at 2104, 60 L.Ed.2d at 675. A state may, if it so chooses, establish a system of parole, but it is under no duty to

do so. *Vitek v. Jones,* 445 U.S. 480, 488, 100 S.Ct. 1254, 1261, 63 L.Ed.2d 552, 562 (1980); *Greenholtz,* 442 U.S. at 7, 99 S.Ct. at 2104, 60 L.Ed.2d at 675. Under such a system states have the authority to shorten prison terms based on good behavior. *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951 (1974). Again, the Constitution does not guarantee credit for good conduct. *Id.* However, once a scheme is implemented prisoners are imbued with a liberty interest to which the procedural protections of the Due Process Clause attach. *Vitek,* 445 U.S. at 488–89, 100 S.Ct. at 1261, 63 L.Ed.2d at 562.

■ In the case at hand, defendant characterizes section 902.12 as an arbitrary revocation of a liberty interest created under section 903A.2. This depiction is inapt. Section 902.12 does not revoke a vested liberty interest, it creates a separate one for a particularized class of persons. A due process claim cannot be premised on the legislature's refusal to grant parole or extend good-conduct credits to inmates convicted of second-degree murder. *See State v. Holmes,* 276 N.W.2d 823, 830 (Iowa 1979) (questions of eligibility for parole consideration ordinarily do not have constitutional dimension). Thus, Cronkhite is not permitted to assail the propriety of the parole system itself; any attack must be limited to the State's failure to adhere to protocol in its application. *Greenholtz,* 442 U.S. at 9–11, 99 S.Ct. at 2104–05, 60 L.Ed.2d at 676–77. Defendant's claim is without merit.

### B. Equal Protection

Cronkhite maintains there is no rational basis for distinguishing between categories of offenses listed in section 902.12 and other offenses defined by the Code. Consequently defendant avers any limitation the statute prescribes on an inmate's ability to seek early release violates the Equal Protection guarantees of the Fourteenth Amendment to the United States Constitu-

tion and article I, section 6 of the Iowa Constitution.

■ No fundamental rights or suspect classifications are implicated by Cronkhite's claim. Hence we analyze the equal protection issue under the rational basis test. *In re C.P.,* 569 N.W.2d at 812–13. In conformance with this test, constitutional protections are only offended when the classification is based on arbitrary grounds unrelated to the achievement of a legitimate state interest. *Id.* at 813. Section 902.12 will be deemed constitutional if the classification made by the statute is reasonable and operates equally upon all within the class. *State v. Ceaser,* 585 N.W.2d 192, 196 (Iowa 1998). Cronkhite bears the burden of showing the law clearly, palpably, and without doubt infringes upon the Constitution. *In re C.P.,* 569 N.W.2d at 813.

■ As previously noted, section 902.12 is applicable to murder in the second degree, sexual abuse in the second degree, kidnapping in the second degree, and robbery in the first or second degree. Defendant observes the law does not encompass all forcible felonies, omitting many which he contends are of an even more violent or serious nature than those delineated above. Cronkhite therefore argues the random inclusion of second-degree murder violates equal protection standards.

This same question was broached in *Ceaser* and in *State v. Ramirez,* 597 N.W.2d 795 (Iowa 1999), with respect to first and second-degree robbery. In both cases we upheld the validity of section 902.12. Therein we opined:

> [T]he legislature enjoys broad discretion in defining and classifying criminal offenses.... [It] is free to impose disparate punishments for different crimes so long as the offenses are distinguishable on their elements.... [I]f the elements of the offenses are not the same, persons committing the crimes are not similarly situated and, therefore, may be treated

differently for purposes of the Equal Protection Clause.

*Ceaser,* 585 N.W.2d at 196 (citations omitted); *see also Ramirez,* 597 N.W.2d at 798.

Cronkhite makes no attempt to persuade us the elements of second-degree murder are indistinguishable from those of other crimes. Nor has he demonstrated that similarly situated individuals are extended disparate treatment. Instead, the focus of Cronkhite's claim is on the presumed irrationality of the classification.

As we remarked in *Ceaser,* it is within the province of the legislature to determine the most appropriate means of punishing and deterring criminal activity. *Ceaser,* 585 N.W.2d at 196. Second-degree murder and the other class "B" forcible felonies are violent, or potentially violent, crimes. Persons willing to commit such transgressions conceivably pose a greater risk to society than those who perpetrate other felonies. It is entirely reasonable for the legislature to conclude the crime of murder in the second degree has a broad social impact warranting strict punitive measures. *See id.* at 198. This is precisely the type of judgment our legislature is charged to make. *Id.* Defendant's right to equal protection has not been violated.

## C. Cruel and Unusual Punishment

Lastly, defendant contends the imposition of a fifty-year term of imprisonment for second-degree murder is excessively severe if the opportunity to reduce that sentence through good conduct is limited in accordance with section 902.12.

 The Eighth Amendment to the United States Constitution and article I, section 17 of the Iowa Constitution prohibit cruel and unusual punishment. Punishment may be cruel and unusual because it inflicts torture, is otherwise barbaric, or is so excessively severe it is disproportionate to the offense charged. *State v. Lara,* 580 N.W.2d 783, 784–85 (Iowa 1998). Generally, a sentence that falls within the parameters of a statutorily prescribed penalty does not constitute cruel and unusual punishment. *State v. Kyle,* 271 N.W.2d 689, 693 (Iowa 1978). Only extreme sentences that are "grossly disproportionate" to the crime conceivably violate the Eighth Amendment. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836, 869 (1991); *Lara,* 580 N.W.2d at 785.

 Substantial deference is afforded the legislature in setting the penalty for crimes. *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983); *Lara,* 580 N.W.2d at 785. Notwithstanding, it is within the court's power to determine whether the term of imprisonment imposed is grossly disproportionate to the crime charged. *See State v. Hoskins,* 586 N.W.2d 707, 709 (Iowa 1998); *Lara,* 580 N.W.2d at 785–86. If it is not, no further analysis is necessary. *Harmelin,* 501 U.S. at 1005, 111 S.Ct. at 2707, 115 L.Ed.2d at 871 (in the rare case a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality, we may look to additional factors delineated in *Solem,* 463 U.S. at 291, 103 S.Ct. at 3010, 77 L.Ed.2d at 649–50); *Hoskins,* 586 N.W.2d at 709; *Lara,* 580 N.W.2d at 785–86.

 Here, Cronkhite was found guilty of second-degree murder and sentenced to an indeterminate term of imprisonment not to exceed fifty years. In light of the offense charged, which is essentially defined as the willful, deliberate killing of another without premeditation, see Iowa Code §§ 707.2–.3, this is not an excessively severe penalty. Furthermore, Cronkhite's right to be free from cruel and unusual punishment is not violated by the mere fact he must serve eighty-five percent of his sentence. *Hoskins,* 586 N.W.2d at 709; *Lara,* 580 N.W.2d at 785–86. "There can be no serious contention, ... a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'" *Lara,* 580 N.W.2d at 785 (quoting

*Harmelin,* 501 U.S. at 995, 111 S.Ct. at 2701, 115 L.Ed.2d at 865). Cronkhite's punishment must stand.

### III. Conclusion

Iowa Code sections 902.12 and 903A.2 do not violate defendant's rights to due process or equal protection of the law. Nor does the sentence imposed constitute a cruel or unusual punishment. The decision of the trial court is thus affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.