# IN THE COURT OF APPEALS OF IOWA

No. 13-1857
Filed August 5, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARVIN DEAN HALSTEAD JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


        Marvin Dean Halstead Jr. appeals his sentences for third-degree sexual abuse and child endangerment.  **AFFIRMED.**


        Kevin E. Hobbs, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sacone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Marvin Dean Halstead Jr. appeals his sentences, claiming his combined sentence of not more than thirty-five years in prison is excessive and violates his constitutional right against cruel and unusual punishment. Halstead also claims his due process rights were violated by the assessment of jail-occupancy fees. We find the district court did not impose a cruel and unusual sentence on Halstead. We further find Halstead's due process claim was not properly preserved.

I.      **Background Facts and Proceedings**

On May 27, 2006, Halstead sexually assaulted his girlfriend's minor child. The abuse occurred on one occasion but involved multiple sex acts. On November 22, 2006, pursuant to a plea agreement, Halstead pleaded guilty to four counts of sexual abuse in the third degree and one count of child endangerment. During the plea hearing, Halstead stipulated his plea of guilty to the sexual abuse charges was a violation of his probation for two previous convictions for theft and forgery.[1]

The maximum sentence for one count of third-degree sexual abuse is an indeterminate term of "no more than ten years." Iowa Code §§ 709.1 (definition) .4(1) (by force), .4(2)(b) (victim is twelve), 902.3, .9(4) (2005). The maximum sentence for one count of child endangerment is an indeterminate term of "no more than five years." *Id.* §§ 726.6(1)(a), .6(6), 902.3, .9(5). Thus, Halstead

---

[1] At sentencing, Halstead was free to ask the court to run the sentences for the probation violations concurrently with the sentences on his sexual abuse case, and the State was free to ask the court to run the probation-violation sentences consecutively.

faced a forty-five year sentence on the sexual abuse charges, without enhancement.[2] On December 20, 2006, the court sentenced Halstead to an indeterminate term of incarceration "not to exceed thirty-five years" for the sexual abuse and child endangerment convictions, using a mix of concurrent and consecutive sentences.[3] Under this sentence Halstead was not subject to a mandatory minimum term of imprisonment. As to the probation violations, the court sentenced Halstead to a term not to exceed six years in prison and ordered this sentence to run consecutively to the sexual-abuse sentences. Halstead was also ordered to pay restitution, with the amount to be determined in a supplemental order. A bill for jail-occupancy costs was submitted two days later, on December 22, 2006, totaling $9766.57 plus costs.

## II.    **Standard of Review**

We review claims of cruel and unusual punishment de novo. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Both the United States and Iowa Constitutions prohibit the imposition of cruel and unusual punishment. *See* U.S. Const. amend. VIII; Iowa Const. art. I, § 17. Halstead has cited only the United States Constitution in support of his claim. We therefore "apply the general

---

[2] Halstead was eligible for an habitual offender enhancement. Under the plea agreement, the State agreed to forgo the enhancement, and the State and Halstead agreed to a total of thirty-five years of incarceration.

[3] Halstead pleaded guilty to counts I, II, III, and IV, each charging sexual abuse in the third degree. The court ordered counts I, II, and III to run consecutively and ordered count IV to run concurrently to counts I, II, and III. The court ordered count V, child endangerment, to run consecutively to the other counts. Accordingly, the court sentenced Halstead to a total period of incarceration not to exceed thirty-five years. The court also imposed a mandatory lifetime special sentence. *See* Iowa Code § 903B.1.

principles as outlined by the United States Supreme Court for addressing a cruel-and-unusual-punishment challenge." *Bruegger*, 773 N.W.2d at 883.

III. **Analysis**

A. **Cruel and Unusual Punishment**

Halstead claims his thirty-five year sentence is "not graduated and proportioned to the offense." He claims the court's sentences for "his actions on one day" with one victim are so excessive as to be cruel and unusual. We disagree.

Halstead makes a "gross proportionality" challenge to his particular sentence. *See State v. Oliver*, 812 N.W.2d 636, 639-40 (Iowa 2012) (recognizing that after the Court's decision in *Graham v. Florida*, 560 U.S. 48, 60 (2010), "the federal lexicon for Eighth Amendment analysis no longer includes [an] 'as-applied challenge'" and instead "a defendant must challenge his sentence under the 'categorical' approach or make a 'gross proportionality' challenge"). "The first step in this analysis, sometimes referred to as the threshold test, requires a reviewing court to determine whether a defendant's sentence leads to an inference of gross disproportionality. This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." *Id.* at 650 ("If, and only if, the threshold test is satisfied, a court then proceeds to steps two and three of the analysis."). In balancing these competing considerations, we consider several general factors. The first factor requires us to give "substantial deference" to the penalties prescribed by our legislature. *Id.* Second, we recognize it is a rare occurrence for a sentence to rise to the level of gross

disproportionality. *Id.* Third, we note "a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender." *Id.* Lastly, a case's unique circumstances can converge to "generate a high risk of potential gross disproportionality." *Id.* at 651.

These general factors do not support Halstead's position. Our legislature has enacted statutes that criminalize all individual physical contacts that meet the Iowa Code's definition of sex act, and we defer to the legislature's determination. Iowa Code § 702.17; *State v. Constable*, 505 N.W.2d 473, 477 (Iowa 1993); *see also State v. Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000) ("Generally, a sentence that falls within the parameters of a statutorily prescribed penalty does not constitute cruel and unusual punishment." (citations omitted)).[4] As to the second factor, because the sentence is less than the maximum-allowable penalty and is consistent with sentences in similar factual cases, Halstead's sentence does not meet the "rare occurrence" factor. *See Constable, 505 N.W.2d at 474-75; see also Bruegger*, 773 N.W.2d at 878 (noting "the Supreme Court has found only two noncapital sentences invalid under the Cruel and Unusual Punishment Clause in the past one hundred years"). While Halstead is not a recidivist sexual offender, the fact he was on probation for theft and forgery shows he is not a first-time offender. Our courts recognize "lengthy sentences are more likely to be

---

[4] We note Halstead committed a minimum of four separate sex acts on the minor child, making the facts of the present case similar to *Constable*, where the defendant was convicted of five counts of sexual abuse based on five sex acts committed in one day on two victims. *See Constable*, 505 N.W.2d at 473. In *Constable*, the district court sentenced the defendant to an indeterminate term of not more than fifty years of incarceration. *See id.* On appeal, our supreme court found the statute punished individual sex acts with up to ten years in prison and affirmed the sentences. *See id.* (upholding separate punishments for each individual sex act).

constitutional when imposed on offenders with lengthy criminal histories." *Oliver*, 812 N.W. 2d at 650-651. Finally, this case presents no unique or particular circumstances converging to generate a high risk of potential for disproportionality. *See Oliver*, 812 N.W.2d at 651. Thus, our analysis of the four factors shows we do not infer gross disproportionality in Halstead's sentence.

Accordingly, we conclude Halstead's gross proportionality challenge fails. *See Bruegger*, 773 N.W.2d at 878 (recognizing a court "finding a sentence grossly disproportionate . . . will be 'hen's-teeth rare'") (quoting *United States v. Polk*, 546 F.3d 74, 76 (1st Cir. 2008)).

### B. Violation of Due Process

Halstead also claims the assessment of jail-occupancy fees violated his right to due process. However, a due process issue was not raised below in Halstead's pro se motion.[5] Nor was an amended motion raising the issue filed. Therefore, we decline to consider this challenge on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

---

[5] Halstead's motion stated:

> The defendant states that under Code of Iowa, Section 815.9(4), (6) Indigent Defense Reimbursement shall be applied the day of sentencing. That under Code of Iowa, section 910.3 all charges must be provided to the court the day of sentencing, and if exact amounts are not known the court is to issue a temporary order, with a scheduled date to have amounts filed, this was not followed.

The district court's ruling on this motion correctly held the section of the code referenced by Halstead applied to the clerk of court, and to the extent it did apply to the sheriff, the sheriff complied by submitting a written claim for costs within thirty days.

IV. **Conclusion**

We find the district court imposed a constitutional sentence on Halstead. Halstead's claim of a violation of his right to due process was not preserved. Accordingly, we affirm.

**AFFIRMED.**