# IN THE COURT OF APPEALS OF IOWA

No. 14-1599
Filed August 5, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELIJAH MALIK HAYES,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.


    The defendant appeals his sentences following two convictions for robbery in the second degree.  **AFFIRMED.**


    Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, Kevin Cmelik and Jean C. Pettinger, Assistant Attorneys General, Michael J. Walton, County Attorney, and Kimberly Shepherd, Assistant County Attorney, for appellee.


    Considered by Tabor, P.J., McDonald, J., and Scott, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Elijah Hayes pleaded guilty to two counts of robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2011). The district court sentenced Hayes, who was sixteen at the time he committed the offenses, to concurrent terms of incarceration not to exceed ten years with a seventy percent mandatory minimum. *See* Iowa Code §§ 902.3, 902.9, 902.12. Following the supreme court's decision in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), the district court held a second sentencing hearing. The district court imposed the same sentence, including the minimum term requirement. Hayes raises three challenges to his sentences on appeal. First, he requests we extend *Lyle* to prohibit the imposition of any minimum sentence on a juvenile offender. Second, he contends the district court abused its discretion in imposing the seventy percent minimum. Third, he claims his sentences are grossly disproportionate to the offenses committed.

We begin our discussion with the offenses committed. On February 4, 2012, Hayes and his codefendant planned to rob someone. On the night in question, surveillance footage showed they entered a grocery store trailing their intended victim. The surveillance footage showed they waited for the victim to get in line to pay for his groceries and they then left the store to lie in wait. They followed the man as he walked home, and they confronted him at the front door of his residence as he was pulling out his keys. Hayes and his codefendant beat the victim unconscious and took his money. The man suffered severe injuries, including a fractured neck and broken jaw. Since the robbery, the victim has

suffered multiple seizures. He can no longer drive and lost his employment. Hayes robbed this man of a few dollars, his dignity, his health, and his ability to provide for himself for the remainder of his life.

On February 16, 2012, Hayes and a different companion planned another robbery. On foot, they followed a man to a credit union. After the man left the credit union, Hayes and his companion followed him, punched him in the face, knocked him down, kicked him in the face, and then robbed him. The man suffered severe injuries, requiring the insertion of a metal plate in his head. Hayes robbed this man of a few dollars, his dignity, and his health for the remainder of his life. While Hayes contends he committed these offenses because he fell in with the wrong crowd, the common denominator in each offense is Hayes.

The United States Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. While there is authority standing for the proposition that the Eighth Amendment was only meant to limit the methods of punishment, the Supreme Court has unambiguously concluded the Eighth Amendment is available to challenge "sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The Eighth Amendment "is applicable to the States through the Fourteenth Amendment." *Rhodes v. Chapman*, 452 U.S. 337, 344-45 (1981). Article I, section 17 of the Iowa Constitution also prohibits the infliction of "cruel and unusual punishment." In *Lyle*, our supreme court held the Iowa Constitution forbade the imposition of *mandatory* minimum sentences on juveniles. *See Lyle*, 854 N.W.2d at 400.

Neither the federal nor state constitution provides Hayes with any relief in this case. As quoted above, *Lyle* explicitly rejected the conclusion that imposition of a minimum term of incarceration on a juvenile offender is per se unconstitutional. *See id.* at 403 ("Some juveniles will deserve mandatory minimum imprisonment, but others may not."); *id.* at 404 ("On remand, judges will do what they have taken an oath to do. They will apply the law fairly and impartially, without fear. They will sentence those juvenile offenders to the maximum sentence if warranted and to a lesser sentence providing for parole if warranted."). The sentencing court may impose a statutorily authorized minimum term of incarceration so long as the sentencing court makes an individualized determination of the sentence upon consideration of all relevant factors, as identified by the supreme court. *See id.* at 404 n.10 (citing *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012)). At the resentencing hearing in this case, the district court specifically and carefully considered the all of the relevant factors. The district court explained in detail its application of the *Miller* factors and its reasons for imposing the seventy percent minimum. There was no abuse of discretion here.

We find no merit in the defendant's argument that his ten-year sentence with a mandatory minimum for committing two separate robberies causing permanent, life-altering injury to two separate victims is grossly disproportionate and unconstitutional. *See State v. Cronkhite*, 613 N.W.2d 664, 667 (Iowa 2000) (concluding "[t]here is no constitutional or inherent right to be conditionally released from prison prior to the expiration of a valid sentence"); *id.* at 669

("There can be no serious contention a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.'"); *State v. Phillips*, 610 N.W.2d 840, 844 (Iowa 2000) (upholding sentence for second-degree robbery); *State v. Hoskins*, 586 N.W.2d 707, 709 (Iowa 1998) (holding defendant's "ten-year sentence imposed upon a conviction of second-degree robbery, of which [defendant] is required to serve 100%, [does not] lead to an inference of gross disproportionality"). "This is not the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009). Because the threshold comparison does not lead to an inference of gross disproportionality, we need to proceed any further.

The defendant's sentences are affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**