# IN THE COURT OF APPEALS OF IOWA

No. 17-0800
Filed July 18, 2018

**NATHANIEL YANCEY JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

An applicant appeals the denial of his application for post-conviction relief.

**AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Nathanial Yancey Jr. appeals the denial of his postconviction-relief application. On appeal, Yancey argues his trial counsel was ineffective, the district court should have applied a different standard when determining whether he was prejudiced by his counsel's ineffectiveness, and his total ninety-year sentence violates the cruel and unusual punishment clause of the Iowa Constitution.

**I. Background Facts and Proceedings.**

On November 25, 2011, an altercation occurred in the parking lot at Valley West Mall in Des Moines. Witnesses heard gun shots and saw a person firing a gun. One witness reported the incident to the West Des Moines Police and later identified Yancey as the shooter in a photo array. Another witness identified the shooter by race. Another witness provided the police with a license plate number from one of the cars involved in the shooting; the car belonged to Yancey. The police collected three nine-millimeter pistol shell casings from the area the shooting occurred.

On December 3, two off-duty police officers were working at Club 101 in Des Moines, Iowa. One of the officers heard someone yell that Yancey "had a piece." The officer attempted to apprehend Yancey. Yancey resisted and attempted to flee. When the officer attempted to use his taser, Yancey turned around and fired his gun at the officer. Yancey was eventually stopped by another officer. He no longer had a firearm in his possession, but a nine-millimeter pistol was found under a truck in an alley Yancey ran through. Three casings from the same pistol were found at the scene.

A criminologist from the Iowa Division of Criminal Investigation (DCI) tested the casings found at the Valley West shooting, casings from the Club 101 shooting, and the pistol found at the Club 101 shooting. He determined the gun found at the Club 101 shooting fired the casings found at both the Club 101 shooting and at the Valley West shooting.

Yancey was charged in December 2011 with nine charges stemming from the two events. He was charged with intimidation with a dangerous weapon in violation of Iowa Code section 708.6 (2011), assault while participating in a felony in violation of section 708.3, going armed with intent in violation of section 708.8, and possession of a firearm by a felon in violation of section 724.26 in connection with the events of November 25 at Valley West. He was charged with attempt to commit murder in violation of section 707.11, assault on a peace officer with a weapon in violation of sections 708.1 and 708.3A, assault while participating in a felony in violation of section 708.3, going armed with intent in violation of section 708.8, possession of a firearm by a felon in violation of section 724.26, and intimidation with a dangerous weapon in violation of section 706.8 in connection with his actions on December 3 at Club 101.

The court granted Yancey's motion to sever the trials; the charges stemming from November 25 at Valley West and December 3 at Club 101 were tried separately. The State brought the Club 101 shooting to trial first. The jury found Yancey guilty of assault with intent to inflict serious injury—a lesser included offense of attempted murder, assault on a police officer with a weapon, assault while participating in a felony, going armed with intent, possession of a firearm by a felon, and intimidation with a dangerous weapon. Yancey was sentenced to two

years for assault with intent to inflict serious injury. Yancey stipulated he was a habitual offender for assault on a police officer with a weapon, assault while participating in a felony, going armed with intent, possession of a firearm by a felon, and intimidation with a dangerous weapon. Yancey was sentenced to fifteen years for each habitual offender count, to run consecutively for a period not to exceed seventy-five years.

Yancey appealed his conviction and sentence for the Club 101 shooting, arguing he received ineffective assistance of counsel and the district court failed to give adequate reasoning for his consecutive sentences. *State v. Yancey* (Yancey I), No. 12-1556, 2014 WL 956020 at *1 (Iowa Ct. App. Mar. 12, 2014). Yancey argued his counsel was ineffective for failing to object to a jury instruction on going armed with intent. *Id.* at *2. We found the jury instruction was proper and his counsel was not ineffective for failing to raise an objection that had no merit. *Id.* at *2–3. We also found the trial court gave adequate reasoning for imposing consecutive sentences. *Id.* at *4. We affirmed the sentence and conviction. *Id.* at *5.

At the Valley West shooting trial, Yancey filed a motion in limine to exclude evidence from the Club 101 shooting. The district court denied the motion, finding the evidence was admissible for the purposes of establishing possession of the firearm and identifying the shooter. Counsel lodged several objections to the Club 101 firearms evidence during the Valley West trial, all overruled. The court gave the jury limiting instructions on the use of the evidence from the Club 101 case. The jury convicted Yancey of intimidation with a dangerous weapon, assault while participating in a felony, going armed with intent, and possession of a firearm by a

felon. Yancey stipulated to being a habitual offender and was sentenced to fifteen years on each count to run concurrently with each other but consecutive to Yancey's seventy-five-year sentence for the Club 101 shooting.

Yancey appealed his Valley West conviction and sentence. He argued the district court erred by allowing in the evidence of the Club 101 shooting, the State presented insufficient evidence to support his convictions, he was provided ineffective assistance of counsel, and the district court failed to provide adequate reasoning for his consecutive sentences. *State v. Yancey* (Yancey II), No. 12-1754, 2014 WL 955918, at *1 (Iowa Ct. App. Mar. 12, 2014). We found the trial court did not err by allowing evidence of Yancey's prior bad acts to be admitted. *Id.* at *4. We found any prejudicial effect was mitigated by instructing the jury of the limited purpose the evidence of the Club 101 shooting. *Id.* We also found there was clear proof that Yancey committed the prior bad acts from the testimony of the DCI criminalist and the two off-duty police officers. *Id.* His convictions and sentence were affirmed. *Id.* at *8.

Yancey filed a pro se petition for postconviction relief in January 2015 requesting relief from the convictions for both events. He filed an amended petition in June, adding a claim that his trial counsel was ineffective for failing to demand the Valley West trial occur prior to the Club 101 trial. Through counsel, Yancey filed another amended petition that month, adding a claim that his ninety-year sentence constituted cruel and unusual punishment.

A hearing on Yancey's postconviction claims was held in March 2017. The district court held Yancey's trial counsel did not breach a duty in failing to demand the Valley West shooting be tried first, Yancey was not prejudiced by his counsel's

actions, and his sentence was not cruel and unusual. The court found no evidence of Yancey's prior conviction from the Club 101 shooting came in but found the testimony of the two arresting officers, the identification technician, and the ballistics expert from the Club 101 trial could have been admitted no matter what the order of the trials were. Yancey requested the district court consider the prejudice prong of his ineffective assistance of counsel claim independently under article 1, section 10 of the Iowa Constitution. The district court declined to do so. Yancey appeals the denial of his application for post-conviction relief.

**II. Standard of Review.**

Postconviction-relief proceedings are "actions at law and are reviewed on error." *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998) (citation omitted). However, if the postconviction-relief proceeding has constitutional implications, "we make our own evaluation of the totality of the circumstances in a de novo review." *Id.*

**III. Discussion.**

First, Yancey argues his trial counsel was ineffective. To succeed on his ineffective assistance of counsel claim, Yancey has the burden to establish that counsel breached an essential duty and prejudice resulted from the breach. *See Lado v. State*, 804 N.W.2d 248, 251 (Iowa 2011). Yancey "must prove both elements by a preponderance of the evidence." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* If either element is lacking, Yancey's claim fails. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa

2006). In considering whether trial counsel failed to perform an essential duty, counsel's performance is measured "against the standard of a reasonably competent practitioner with the presumption that they attorney performed his duties in a competent manner." *Ledezma*, 626 N.W.2d at 142. Yancey can establish prejudice by showing "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998).

Yancey takes another run at his argument that the Club 101 evidence should not have been admitted during the trial of the Valley West charges. This claim was denied on direct appeal under a prior bad acts analysis. A panel of our court stated:

> At the time of the trial for the charges stemming from the mall incident, Yancey had already been tried and convicted for the Club 101 incident. Furthermore, the trial court mitigated any prejudicial effect of the evidence by at least twice instructing the jury verbally of the limited purpose for which the testimony was being offered. The jury was also provided a written instruction which stated that the evidence from the Club 101 incident could "only be used to show the identity of the person charged and not for any other purpose." *See State v. Owens,* 635 N.W.2d 478, 483 (Iowa 2001) ("[W]hen a cautionary instruction is given, it is only in extreme cases that the instruction is insufficient to nullify the danger of unfair prejudice.").
> Thus, we conclude the trial court did not abuse its discretion by allowing evidence of Yancey's prior bad acts to be admitted at trial.

Yancey II, 2014 WL 955918, at *4. In his application before us now, Yancey frames this argument as ineffective assistance of counsel. He argues the introduction of evidence from the Club 101 trial during his Valley West trial was unfairly prejudicial and that trial counsel should have arranged for the Valley West case to be the first one tried. He argues if the Valley West case had been tried first, the Club 101

evidence would not have been admissible at the Valley West trial. The flaw in his reasoning is a panel of our court has ruled the evidence admissible under prior bad act analysis. At the Valley West trial, the off-duty police officers from the Club 101 shooting testified Yancey fired a handgun and a nine-millimeter handgun was found near him when he was arrested. The ballistics expert testified the shell casings from the Club 101 shooting matched the shell casings found at Valley West, and both shell casings came from the handgun found near Yancey. Evidence of Yancey's conviction for the Club 101 shooting was not admitted. Yancey argues his trial counsel did not take all reasonable steps to prevent the introduction of unfairly prejudicial evidence at trial when she failed to insist the Valley West case be tried before the Club 101 case.

At the post-conviction hearing, Yancey's trial counsel testified she believed the prosecutor was entitled to determine the order of the trials. The State argues it had the power to determine the order of the trials. *See State v. Anspach*, 627 N.W.2d 227, 233 (Iowa 2001) ("[T]he decision to charge an individual is left to the discretion of the State."). Yancey has not provided any authority that his trial counsel was entitled to determine the order of the trials. Yancey's trial counsel argued strenuously against the Club 101 evidence and did not breach an essential duty when she did not request the order of the trials be changed.

Yancey must also establish prejudice. *Ledezma*, 626 N.W.2d at 143 (citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984)). To sustain this burden, Yancey must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* Yancey has not shown the outcome of the Valley West trial would be different if those charges had been presented to a jury before the Club 101 charges. Because Yancey has not proven that his trial counsel breached an essential duty or that prejudice resulted, we reject his ineffective assistance of counsel claims.

Next, Yancey argues the district court should have considered the prejudice prong of the ineffective assistance of counsel analysis under a less deferential standard pursuant to the article 1, section 10 of the Iowa Constitution. Yancey argues the postconviction-relief court should have evaluated the prejudice prong using a harmless error standard. While the Iowa Supreme Court has discussed diverging from the federal ineffective assistance of counsel framework, Iowa currently follows the *Strickland* standard under the Iowa Constitution. *See State v. Halverson*, 857 N.W.2d 632, 640 (Iowa 2015) (Mansfield, J., dissenting) ("To date, we have followed the Strickland standard under both the United States and the Iowa Constitutions."). "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990); *see also State v. Eichler*, 83 N.W.2d 576, 578 (1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."). The district court did not err by refusing to adopt a new standard in evaluating Yancey's claims.

Finally, Yancey argues his ninety-year sentence violates the cruel and unusual punishment clause of the Iowa Constitution as applied. Article I, section 17 of the Iowa Constitution prohibits cruel and unusual punishment. Punishment may be cruel and unusual because it inflicts torture, is otherwise barbaric, or is so excessively severe it is disproportionate to the offense charged. *State v.*

*Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000). "While a sentence to a term of years might be so lengthy as to violate the Cruel and Unusual Punishment Clause, such an occurrence outside the context of capital punishment has been 'exceedingly rare.'" *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009).

First, we make a threshold inquiry to determine whether Yancey's ninety-year sentence leads to an inference of gross proportionality of Yancey's crimes. *See State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012). "If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Id.* (quoting *State v. Seering*, 701 N.W.2d 655, 670 (Iowa 2005)). To determine whether Yancey's sentence is grossly disproportionate, we must balance "the gravity of the crime against the severity of the sentence." *Id.* at 873.

We consider three general principles when determining whether a sentence is grossly disproportionate. *Oliver*, 812 N.W.2d at 650. "The first is that we owe substantial deference to the penalties the legislature has established for various crimes." *Id.* Generally, a sentence that falls within the parameters of a statutorily prescribed penalty does not constitute cruel and unusual punishment. *Cronkhite*, 613 N.W.2d at 669. "The second principle is that it is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review. This is true even though our review is more stringent than is required under the Federal Constitution." *Oliver*, 812 N.W.2d at 650. "The third principle is that a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender." *Id.; see also Bruegger*, 773 N.W.2d at 874 ("[T]he Supreme Court has generally supported harsh and severe sentences for repeat offenders even when the later offense was nonviolent.").

We consider each of Yancey's sentences individually. Yancey was sentenced to a term of imprisonment not to exceed two years for assault with intent to inflict serious injury. Yancey was sentenced to a term of imprisonment not to exceed ten years for nine class "C" assaultive felonies: assault on a police officer with a weapon, two counts of assault while participating in a felony, two counts of going armed with intent, two counts of possession of a firearm by a felon, and two counts of intimidation with a dangerous weapon. Yancey's sentences are within the penalties the legislature has established. *See* Iowa Code § 902.9.

Yancey is a recidivist offender. Each of his felony sentences were enhanced to fifteen years because Yancey is a habitual offender. *See id.* Yancey was convicted of intimidation with a dangerous weapon, assault while participating in a felony, and going armed with intent in 2005. In 2007, Yancey was convicted of intimidation with a dangerous weapon and possession of a firearm by a felon. In 2008, Yancey was convicted of possession of a firearm by a felon, child endangerment, harassment, domestic abuse assault, and possession of a controlled substance with intent to deliver.

Yancey's sentences are not grossly disproportionate, and we do not analyze his cruel and unusual punishment claims further. *See Oliver*, 812 N.W.2d at 650. We find Yancey's sentences do not violate the cruel and unusual punishment clause of the Iowa Constitution.

**AFFIRMED.**