# IN THE COURT OF APPEALS OF IOWA

No. 18-1972
Filed November 27, 2019

**CASEY DIXON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel,

Judge.

Casey Dixon appeals the denial of his postconviction-relief application.

**AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Casey Dixon argues his due process rights under the state and federal constitutions are violated by prospective application of a 2016 amendment to Iowa Code section 902.12 (2009) that reduces mandatory sentencing minimums for certain charges. We disagree and affirm the district court's denial of Dixon's postconviction-relief application.

The district court set forth the following procedural background:

> On September 2, 2009, Casey Dixon was convicted of two counts of robbery in the second-degree, in violation of [Iowa Code section 711.3]. He was sentenced in accordance with section 902.12 to consecutive ten-year terms of incarceration. Dixon appealed his conviction on October 19, 2009, but it was dismissed as a frivolous appeal. On August 17, 2011, Dixon filed an application for postconviction relief. The district court denied his application on January 28, 2016, and the Iowa Court of Appeals affirmed the denial on April 5, 2017. *See Dixon v. State,* No. 16-0329, 2017 WL 1278294, at *3 (Iowa Ct. App. Apr. 5, 2017).
>
> In 2016, the Iowa legislature amended section 902.12 of the Iowa Code to give the sentencing court discretion in setting the minimum sentence between one-half and seven-tenths of the maximum term of the sentence. [*See* 2016 Iowa Acts ch 1104 § 8, (codified at Iowa Code § 902.12(3) (Supp. 2016))]. At the time Dixon was sentenced, defendants convicted of robbery in the second-degree were required to serve seven-tenths of the maximum term of the sentence prior to becoming eligible for parole or work release. *Compare* [Iowa Code § 902.12(3) (Supp. 2016)], *with* Iowa Code § 902.12(5) (2009). As a result, on January 20, 2017—while his application for postconviction relief was pending on appeal—Dixon filed a motion to correct illegal sentence with the district court. In this motion, Dixon argued, in light of the amendment to section 902.12, that his sentence constituted cruel and unusual punishment. On January 25, 2017, the District Court for Scott County denied Dixon's motion, and he subsequently appealed the ruling. However, there is no appeal as a matter of right from the denial of a motion to correct an illegal sentence. *See State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017) (citing Iowa R. App. P. 6.106). Thus, the Iowa Supreme Court ordered Dixon's notice of appeal be treated as a petition for writ of certiorari. At the Iowa Supreme Court's discretion, the petition was granted and transferred to the Iowa Court of Appeals. On March 7, 2018, the writ was annulled. *See Dixon v. Iowa Dist. Ct. for Scott*

*County*, No. 17-0369, 2018 WL 1182529, at *3 (Iowa Ct. App. Mar. 7, 2018).

While Dixon's motion to correct illegal sentence was pending, he filed an amended application for postconviction relief on March 28, 2017. In the amended application, Dixon argued he should be resentenced under the amended version of section 902.12. Dixon does not dispute the fact the amendment explicitly limits the application of the statute to convictions "occurring on or after July 1, 2016." Iowa Code § 902.12(3) (Supp. 2016). Instead, Dixon contends the Court is obligated to retroactively apply the statute because he never received the possibility of a lessened sentence, and thus, his due process and equal protection rights under the United States and Iowa Constitutions were violated.

The district court denied Dixon's postconviction-relief application concluding the amended statute did not deprive Dixon of due process. On appeal, Dixon asserts "the trial court erred in ruling that Mr. Dixon is not deprived of due process by not allowing his sentence to be assessed under current law."[1]

As the district court noted, a 2016 legislative amendment to Iowa Code section 902.12 reduced the amount of mandatory minimum sentence for second-degree robbery convictions from seventy percent to between one-half and seven-tenths of the maximum term of incarceration. *Compare* Iowa Code § 902.12(3) (Supp. 2016), *with id.* § 902.12(5) (2009). The amendment to that section explicitly states that the new sentencing provision applies "for a conviction that occurs on or after July 1, 2016." *Id.* § 902.12(3) (Supp. 2016). It is not retroactive. This court

---

[1] In a common assertion, Dixon states that "[e]rror was preserved by filing of a timely Notice of Appeal . . . ." As we have stated time and time again (more than fifty times since our published opinion of *State v. Lange*, 831 N.W.2d 844, 846-47 (Iowa Ct. App. 2013)), the filing of a notice of appeal does not preserve error for our review. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation."). That said, error preservation is uncontested here.

has consistently rejected various attacks on the prospective application of the statutory provision. *Clayton v. Iowa Dist. Ct.*, 907 N.W.2d 824, 830 (Iowa Ct. App. 2017) (rejecting an equal protection argument)[2]; *State v. Harrington*, No. 17-1883, 2018 WL 5291332, at *1 (Iowa Ct. App. Oct. 24, 2018) (providing no constitutional analysis), *further review denied* (Dec. 19, 2018); *Webster v. State*, No. 17-0539, 2018 WL 3873411, at *6 (Iowa Ct. App. Aug. 15, 2018) (rejecting an equal protection argument), *further review denied* (Oct. 8, 2018); *Monroe v. State*, No. 17-1266, 2018 WL 2230724, at *1-2 (Iowa Ct. App. May 16, 2018) (rejecting an equal protection argument), *further review denied* (July 16, 2018); *Dixon v. Iowa Dist. Ct.*, No. 17-0369, 2018 WL 1182529, at *3 (Iowa Ct. App. Mar. 7, 2018) (rejecting a cruel and unusual punishment argument), *further review denied* (July 11, 2018). Dixon again attacks the provision but on due process grounds this time.

In rejecting an equal protection challenge to the prospective application of the ameliorative sentencing provision, this court stated:

> Sentencing is a legislative function. We afford broad deference to the legislature in setting the penalties for criminal conduct and in determining when the penalties are to go into effect. *See State v. Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000) ("Substantial deference is afforded the legislature in setting the penalty for crimes."); *State v. Jackson*, 204 N.W.2d 915, 917 (Iowa 1973); *State v. Stanley*, 344 N.W.2d 564, 567 (Iowa Ct. App. 1983). There is a strong policy justification for making ameliorative sentencing provisions prospective only. Beyond the administrative and financial burden of resentencing offenders, the State has a strong policy interest both in maintaining the integrity of sentences that were valid when imposed and in promoting the finality of sentences. *See Nguyen*, 878 N.W.2d at 758; *see also People v. Mora*, 154 Cal. Rptr. 3d 837, 842 (Cal. Ct. App. 2013); *Burch v. Tennessee Dep't of Corr.*, 994 S.W.2d 137, 139

---

[2] As a published opinion, *Clayton* is controlling legal authority. *Compare* Iowa R. App. P. 6.904(2)(a) (referencing published opinions as "legal authorities"), *with* Iowa R. App. P. 6.904(2)(c) ("Unpublished opinions or decisions shall not constitute controlling legal authority.").

(Tenn. Ct. App. 1999). Clayton has not carried his burden in negating these plausible policy justifications for the legislature choosing to make the sentencing provision at issue prospective only.

*Clayton*, 907 N.W.2d at 828-29. And in responding to Dixon's claim that the legislature's failure to make the ameliorative sentencing provision retrospective is cruel and unusual punishment, a panel of this court noted:

> "The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *State v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981). It is solely the legislature's prerogative to set punishments that balance the State's interest in achieving certain penological interests with the State's other interests in the administration of criminal justice. Here, the State has significant interests in making the ameliorative sentencing provision prospective only. There is both an administrative and financial burden associated with resentencing offenders. *See Clayton*, [907 N.W.2d at 829]. More important, "the State has a strong policy interest both in maintaining the integrity of sentences that were valid when imposed and in promoting the finality of sentences." *Id.* While there are constitutional bounds the legislature may not transgress in crafting punishments, limiting an ameliorative sentencing provision to provide prospective relief is not one. *See Dorsey v. United States*, 567 U.S. 260, 273 (2012) (stating as a general rule that statutes are not retroactive in the absence of an express provision or necessary implication that Congress intends to the contrary); *Dillon v. United States*, 560 U.S. 817, 828 (2010) ("We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent [ameliorative amendments]."); *United States v. Haines*, 855 F.2d 199, 200 (5th Cir. 1988) ("[T]here is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed."); *United States v. Sorondo*, 845 F.2d 945, 948 (11th Cir. 1988) ("Congress is certainly empowered to pass laws which lessen the severity of previous sentencing provisions, and it need not do so retroactively."); *Clayton*, [907 N.W.2d at 828-29] (rejecting an equal protection challenge to the statute at issue and stating "[w]e afford broad deference to the legislature in setting the penalties for criminal conduct and in determining when the penalties are to go into effect").

*Dixon*, 2018 WL 1182529, at *2-3. We believe these same precepts apply to Dixon's due process claim. Dixon's undeveloped argument does not address or negate these plausible policy justifications to show his due process rights were violated.

We hold the due process clauses set forth in the federal and state constitutions do not require retrospective application of the ameliorative sentencing provision set forth in Iowa Code section 902.12(3) to those persons sentenced before July 1, 2016. The postconviction court correctly denied Dixon's postconviction-relief application.

**AFFIRMED.**